Approved: _____
MAURENE COMEY
Assistant United States Attorney

Before: THE HONORABLE JAMES C. FRANCIS IV
United States Magistrate Judge
Southern District of New York

FILED JAN 15 2016 U.S. DIST. S.D. OF N.Y.

ORIGINAL

16 MAG 0320

- - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA           :   **SEALED COMPLAINT**

        - v. -                     :   Violation of
                                       18 U.S.C. § 922(g)(1)
UNIQUE CABINES,                    :
                                       COUNTY OF OFFENSE:
                 Defendant.        :   BRONX

- - - - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

      CHRISTOPHER ZAPATA, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD"), and charges as follows:

### COUNT ONE

      1. On or about December 28, 2015, in the Southern District of New York, UNIQUE CABINES, the defendant, after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce a firearm, to wit, a .45 caliber semi-automatic Colt model MK IV pistol, which had previously been shipped and transported in interstate and foreign commerce.

      (Title 18, United States Code, Section 922(g)(1).)

      The bases for my knowledge and for the foregoing charge are, in part, as follows:

      2. I am a Detective assigned to the Firearms Enhancement Unit of the NYPD and I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation of this matter, my conversations with law enforcement agents, witnesses and others, as well as my examination of reports and records.

Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3. Based on my conversations with four NYPD officers ("Officer-1", "Officer-2", "Officer-3," and "Officer-4," collectively, the "Officers") from the 42nd Precinct in the Bronx, New York, who participated in the arrest of UNIQUE CABINES, I have learned, among other things, the following:

   a. On or about December 28, 2015, Officer-1 and Officer-2 were driving in the vicinity of Vyce Avenue and East 174th Street in the Bronx in a marked police vehicle.

   b. At approximately 10:15 p.m., the Officers received a radio call indicating that an incident involving a possible firearm was taking place at or about 1710 Vyce Avenue. Because Officer-1 and Officer-2 were already in the vicinity of that address, they responded to the call.

   c. Upon arriving at or about the intersection of Vyce Avenue and East 174th Street, Officer-1 and Officer-2 observed an individual (the "Victim") waiving to get their attention. Upon parking and exiting their vehicle, Officer-1 and Officer-2 spoke with the Victim, who stated that a black male wearing a grey hooded sweatshirt had pointed a gun at the Victim and the Victim's children on the street. The Victim indicated that after pointing the gun, the black male walked into the front entrance of the building located at 1710 Vyce Avenue (the "Building").

   d. Officer-1 and Officer-2 then entered the Building with the Victim and spoke with a Building employee in the lobby. When asked whether a black male wearing a grey hooded sweatshirt had just entered the Building, the employee answered in sum and substance that an individual matching that description had just walked into the Building and that he lived in the building in Apartment 4E (the "Apartment").

   e. The employee then took Officer-1 and Officer-2 to the fourth floor of the building while the Victim waited in the lobby. Upon approaching the door to the Apartment, Officer-1 and Officer-2 heard noises inside the apartment and called for backup.

2

    f. At about that same time, Officer-3 and Officer-4 were on duty in a marked police vehicle when they received radio calls reporting the same incident involving a potential firearm and requesting backup. Within approximately five minutes, Officer-3 and Officer-4 arrived at 1710 Vyce Avenue, entered the Building, and met Officer-1 and Officer-2 on the fourth floor.

    g. The Officers then stood by the door to the Apartment with two officers on either side and knocked on the door, announcing themselves as police officers. In response, a black male wearing a grey hooded sweatshirt, later identified as CABINES, opened the door to the Apartment.

    h. The Officers then observed CABINES, who appeared agitated, make a movement with his hand toward his side. In response, the Officers pulled CABINES into the hallway and pushed his hands against the wall. Officer-3 then frisked CABINES and retrieved a .45 caliber semi-automatic Colt model MK IV pistol (the "Firearm") from his right pants pocket. Officer-3 secured the Firearm and found that it was loaded with one bullet in the chamber.

    i. CABINES was then placed under arrest, at which point Officer-1 and Officer-3 returned to the lobby of the Building, where they met the Victim, who agreed to go to the fourth floor to attempt to identify the individual in custody. Upon arriving on the fourth floor with Officer-1 and Officer-3, the Victim positively identified CABINES as the individual who had pointed a gun at the Victim and the Victim's children on the street.

    4. Based on my review of an NYPD Firearm Examination Report, I have learned that the Firearm recovered from UNIQUE CABINES, the defendant, is a .45 caliber semi-automatic Colt model MK IV pistol. I have also learned that the pistol was operable.

    5. Based on my training and experience, and my communications with other law enforcement agents, including a Special Agent from the Bureau of Alcohol, Tobacco, Firearms and Explosives who is familiar with the manufacturing of firearms, I know that .45 caliber semi-automatic Colt model MK IV pistols are not and have never been manufactured in New York State.

    6. I have reviewed criminal history records pertaining to UNIQUE CABINES, the defendant, which show that CABINES was: convicted on or about July 31, 2003, in the Supreme

Court of the State of New York, New York County, of Criminal Possession of a Loaded Firearm in the Third Degree, in violation of New York Penal Law § 265.02, a Class D felony, which is punishable by imprisonment for more than one year.

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of UNIQUE CABINES, the defendant, and that he be arrested and imprisoned or bailed, as the case may be.

_____  sh#4835
Detective Christopher Zapata
New York City Police Department

Sworn to before me this
15th day of January, 2016

_____
THE HONORABLE JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

4